COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-089-CR

 

MARVIN JAMES PRUETT, JR.                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Marvin James
Pruett, Jr. appeals the trial court=s denial of his motion for DNA testing.  In one issue, he complains that the trial
court abused its discretion in denying his DNA motion because the only basis
for denying the motion was appellant=s guilty plea.  We affirm.








In November of 1992,
appellant=s seven
year-old niece (complainant) gave an outcry that appellant had been sexually
assaulting her for years.  There is no
evidence that physical exams were performed on complainant because the outcry
was not immediate.  Appellant pleaded
guilty, pursuant to an open plea agreement, to aggravated assault of a child
under 14 years of age, indecency with a child by contact, and indecency with a
child by exposure.  The trial court
accepted the plea and sentenced appellant to fifteen years for each count, to
be served concurrently. 

On March 9, 2005, appellant
filed a motion for DNA testing.  The
trial court denied appellant=s motion and adopted the State=s findings of fact and conclusions of law on March 9, 2005, finding
that no evidence exists in a condition making DNA testing possible. 

In reviewing a trial court=s decision on a motion for DNA testing, we employ a bifurcated
standard of review.[2]  We defer to the trial court=s determination of issues of historical fact and issues that turn on
credibility and demeanor, while we review de novo whether the trial court was
required to grant a motion for DNA testing under Chapter 64 of the Texas Code
of Criminal Procedure.[3]









A trial court is not required
to grant a request for DNA testing unless the statutory preconditions are met.[4]  Under article 64.03(a), the trial court was
required to grant appellant=s motion for DNA testing only if the court found, among other things,
that evidence still existed and was in a condition making DNA testing possible.[5]  In this case, Julie Bain, the Mansfield
Police Department=s property
custodian, signed an affidavit stating that the police department had never
been in possession of any biological evidence relating to this case.  Because appellant did not meet his burden of
establishing that evidence existed in a condition making DNA testing possible,
we overrule his issue.  








Additionally, although
appellant argues that the trial court improperly considered his guilty plea
when it denied the motion, the trial court=s findings demonstrate that the trial court considered only that (1)
the Mansfield Police Department never had biological evidence, (2) complainant
did not make an immediate outcry, and (3) there is no evidence that a physical
exam or sexual assault kit was performed on complainant.  Ultimately, the trial court denied appellant=s motion because A[n]o evidence exists.@  The trial court made no
findings of fact or conclusions of law regarding appellant=s guilty plea.  Further,
appellant has failed to show how the trial court considered his guilty plea
when denying his motion.  

Accordingly, we affirm the
trial court=s judgment. 

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
January 12, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).





[3]Whitaker
v. State, 160 S.W.3d 5, 8 (Tex. Crim. App.), cert.
denied, 125 S. Ct. 194 (2004); Rivera, 89 S.W.3d at 59.





[4]Bell
v. State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). 





[5]Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i) (Vernon Supp. 2005).